UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>     Plaintiff,<br><br>vs.<br><br>THE STATE DEPARTMENT OF<br>MENTAL HEALTH, *ET AL.*,<br><br>     Defendants. | Case No. 1:11-cv-01559-RRB<br><br>**DISMISSAL ORDER** |

Earl Simpson, a civil committee appearing *pro se* and *in forma pauperis*, filed a civil rights action under 28 U.S.C. § 1983. Simpson is currently in the custody of the California Department of Mental Health at the Coalinga State Hospital under a civil commitment order as a mentally disordered offender (MDO).[1]

I.   **SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim

---

[1]   Cal. Penal Code §§ 2960, *et seq.*

[2]   28 U.S.C. § 1915A(a).

on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se*

---

[3]   28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4]   42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules).

[5]   *See Booth v. Churner*, 532 U.S. 731, 734 (2001).

[6]   Fed. R. Civ. P. 8(a)(2).

[7]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

## II. GRAVAMEN OF THE COMPLAINT

Simpson brings this action against the State Department of Mental Health, Colainga State Hospital, Pam Ahlin, Executive Director, Cindy Radasky, Long-term Care Services, and Steven Mayberg, Head Executive Director. Simpson alleges that he has served his prison sentence and that he is being illegally, involuntarily held under a civil commitment order. Simpson further alleges that he is being involuntarily medicated in violation of California law.

## III. DISCUSSION

To the extent that this action challenges the fact, not a condition, of Simpson's incarceration it is improperly brought as a civil rights action under § 1983. Simpson's request that he be released from custody challenges the *fact* of his custody, not the conditions; therefore it must be brought in a petition for *habeas corpus* relief under 28 U.S.C. §§ 2241 or 2254, as appropriate.[9]

---

[8] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9] *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued

On the other hand, Simpson's claim that he is being involuntarily medicated does challenge a condition of his confinement. Thus, this Court must examine the Complaint to determine if it pleads facts sufficient to establish that the involuntary medication violates any constitutionally-protected right.

Involuntary medication of civilly committed MDO's in California is governed by the Lanterman–Petris–Short Act ("LPS Act").[10] Under the LPS Act, "an MDO can be compelled to take antipsychotic medication in a nonemergency situation only if a court, at the time the MDO is committed or recommitted, or in a separate proceeding, makes one of two findings: (1) that the MDO is incompetent or incapable of making decisions about his medical treatment; *or* (2) that the MDO is dangerous within the meaning of Welfare and Institutions Code section 5300."[11] For the purposes of this screening order the Court assumes, but does not necessarily decide, that the requirements of California law have not been

---

incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'") (citation omitted).

[10] Cal. Welf. & Inst. Code §§ 5000, *et seq.; see In re Qawi*, 81 P.3d 224, 227 (Cal. 2004).

[11] *Qawi*, 81 P.3d 227–28.

satisfied. That does not, however, necessarily end the inquiry. In a § 1983 civil rights action, this Court is concerned with violations of federal constitutional law, not state law.[12]

The Supreme Court has held that a person "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment."[13] The right to refuse antipsychotic medication is not absolute, but is limited by countervailing state interests. One such state interest is *parens patrie*, the state's interest "in providing care to its citizens who are unable . . . to care for themselves."[14] The Due Process Clause permits the state to treat an "inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest."[15] The Due Process Clause does not, however, mandate a judicial hearing. A state procedure under which the medication is

---

[12]   *Loftis v. Almagar*, 704 F.3d 645, 647 (9th Cir. 2012) (*citing Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

[13]   *Washington v. Harper*, 494 U.S. 210, 221–22 (1990).

[14]   *See Addington v. Texas*, 441 U.S. 418, 426 (1979).

[15]   *Harper*, 494 U.S. at 229.

first prescribed by a psychiatrist, and then approved by a reviewing psychiatrist, meets the demands of due process.[16]

The California statutory procedure under the LPS Act clearly satisfies the minimum requirements of the Due Process Clause. At most, Simpson has pleaded noncompliance with California law, not a federal constitutional violation. Consequently, Simpson has failed to plead a viable civil rights claim under § 1983.

That does not necessarily mandate dismissal of the Complaint without leave to amend. This Court must consider two fundamental percepts of federal procedure. First, prisoner *pro se* pleadings are given the benefit of liberal construction.[17] Second, dismissal without leave to amend is disfavored unless it appears that there is no realistic probability that the plaintiff can plead facts entitling him to relief.[18] Applying these principles to this case, the Court must determine whether to dismiss the Complaint with or without leave to amend.

One of the preconditions to bringing a federal *habeas* petition is that this Court may not consider claims that have not been

---

[16]   *Id.* at 222–23.

[17]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[18]   *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

fairly presented to the state courts.[19] Unexhausted claims must be dismissed.[20] Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[21] Thus, Simpson has failed to fully exhaust his state court remedies by presenting his claim to the highest state court,[22] i.e., the California Supreme Court.

Normally this Court would simply dismiss with leave to amend providing Simpson the opportunity to cure the defect, i.e., refile as a petition for *habeas* relief. In this case, however, it is obvious from the Complaint that Simpson has not sought relief in any form in the California State Courts. Thus, as a petition for federal *habeas* relief, because Simpson has not exhausted his claim, it is premature and must be dismissed.[23] Dismissal will, however,

---

[19]   28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[20]   *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[21]   *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[22]   *See Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir.2003) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[23]   As a habeas petition it would consist of solely unexhausted claims, not *both* exhausted and unexhausted claims.

be without prejudice to Simpson later filing a petition for federal *habeas* relief under § 2254 once he has properly exhausted his state-court remedies.

Because the sole federal claim is being dismissed, this Court declines to exercise its supplemental jurisdiction over the state-law claim.[24]

## IV.  ORDER

For the reasons set forth above, it is hereby **ORDERED** that the Complaint on file herein is **DISMISSED** without prejudice and the Clerk of the Court is directed to enter judgment dismissing the Complaint.

**IT IS SO ORDERED** this 29th day of April, 2013.

                              S/RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE

---

Thus, the stay and abey procedure under which the court dismisses the unexhausted claims and holds the exhausted claims in abeyance pending exhaustion is inapplicable.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose*).

[24]  "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . .."  28 U.S.C. § 1367(c).